UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **MARIA L. HERNANDEZ,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:06cv0382 AS |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant | ) | |

*MEMORANDUM OPINION AND ORDER*

When this case was in the Lake Superior Court in Lake County, Indiana, the defendant was Leah Trachtris. The case was removed to the United States District Court in Hammond and transposed into a federal tort claims case in which the United States of America was the only defendant and Leah Trachtris was terminated as a party on January 29, 2006. Given the wide array of decisions and issues that come into United States district courts, it is difficult to remember that the jurisdiction in those courts is still based upon some species of statutory authority. Certainly claims against the United States under the Federal Tort Claims Act (FTCA) are subject to a number of statutory regulations.

This plaintiff is pro se and is certainly entitled to the benefits of the indulgence suggested in *Haines v. Kerner*, 404 U.S. 519 (1972). But see *McNeil v. United States*, 508 U.S. 106 (1993). The plain fact of the matter is that there is a basic prerequisite to the court exercising jurisdiction under the FTCA, and that is the requirement to exhaust administrative remedies, which has not been done here.

The notice given on February 6, 2007 is an altogether appropriate one.  This parallels the requirements of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  This court has no choice but to **GRANT** the motion to dismiss filed by the United States through the United States Attorney on January 29, 2007.  Such is **ORDERED**.

**DATED:**  March 14, 2007

                                             **S/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**